# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:18-CR-403 |
| Plaintiff, | : | |
| | : | JUDGE JAMES S. GWIN |
| vs. | : | |
| | : | |
| SONTE GIBBONS, | : | **SENTENCING MEMORANDUM** |
| | : | **FOR SONTE GIBBONS** |
| Defendant. | : | |

Defendant Sonte Gibbons, through undersigned counsel, submits the instant Sentencing Memorandum for the Court's consideration and requests a sentence, as calculated and reviewed pursuant to Title 18, United States Code §§ 3553(a) and 3661, that is sufficient but not greater than necessary to achieve the statutory goals of sentencing. Counsel attaches the following Memorandum to assist the Court in fashioning Mr. Gibbons's sentence.

    Respectfully submitted,

    STEPHEN C. NEWMAN
    Federal Public Defender
    Ohio Bar: 0051928

    */s/ Jeffrey B. Lazarus*
    JEFFREY B. LAZARUS
    Assistant Federal Public Defender
    Ohio Bar: 0079525
    1660 W. 2nd Street, Suite 750
    Cleveland, Ohio 44113
    Telephone: (216) 522-4856
    Facsimile: (216) 522-4321
    jeffrey_lazarus@fd.org

    Attorney for Sonte Gibbons

**MEMORANDUM**

**I.  Introduction**

Defendant Sonte Gibbons now appears for sentencing. The plea agreement executed by the parties sets his total offense level at 6. With his Criminal History Category III designation, his sentencing guideline range is 2 to 8 months, within the Zone B portion of the Sentencing Guideline table. In 2017, Mr. Gibbons was working for the post office in Willowick, and took several pieces of mail for his own benefit. For this offense, Mr. Gibbons was fired from the post office, and has now pled guilty to the offense of theft of mail. Based on his personal history, including his employment history, his family circumstances, and the attached letters of support, Mr. Gibbons requests this Court impose a sentence of probation with house arrest at the low-end of his sentencing guideline range. Such a sentence is sufficient but not greater than necessary to achieve the statutory goals of sentencing.

**II.  The instant offense and Sonte's guilty plea**

Sonte Gibbons fully admits the facts set forth in the factual basis of his plea agreement and the offense conduct set forth in the presentence report. Dkt. 6, Plea Agreement, ¶ 21; Dkt. 10, Presentence Report, ¶¶ 9-18. In 2016, Sonte was hired by the post office and worked as a mail carrier in the Willowick branch. About six months into his employment, he took several pieces of mail out of circulation. These included two $10.00 gifts card to Wal-Mart, three $10.00 gift cards to Target, and a $20 bill. When confronted by the postal inspectors on April 18, 2017, Sonte admitted his conduct in taking the pieces of mail outlined above. He estimated that in total he had taken about ten to fifteen pieces of mail. Sonte was fired from the post office.

Sonte wants this Court to know that he apologizes for his offense. He was struggling financially, and recognizes how stupid his actions were. He regrets losing this job, which he recognizes was a great opportunity for him.

Over a year after he was fired, the government filed charges against Sonte for theft of mail, in violation of 18 U.S.C. § 1709. Sonte waived indictment, agreed to be charged by information, to which he pled guilty under the terms of a plea agreement. Dkt. 3, 4. On July 26, 2018, Sonte pled guilty before this Court, in which he agreed to the factual basis set forth in the plea agreement. Dkt. 6. He also provided a statement to the probation officer detailing his acceptance of responsibility. Dkt. 10, Presentence Report, ¶ 21.

### III. A sentence of house arrest is justified and warranted

Both his plea agreement and the presentenence report conclude that Sonte's total offense level is 6, and that he has a Criminal History Category of III. The resulting guideline range is 2 to 8 months within Zone B. United States Sentencing Guideline § 5C1.1(c) details that when the applicable range falls under Zone B, a court may impose 1) a sentence of imprisonment; 2) a sentence of probation that includes either intermittent confinement, community confinement, or house arrest; or 3) what is known as a "split sentence" that includes both imprisonment and a sentence of probation that includes either intermittent confinement, community confinement, or house arrest. Based on the following information, Sonte requests this Court impose a sentence of probation with house arrest at the low-end of his sentencing guideline range.

Sonte has one prior felony offense for burglary, PSR at ¶ 40, and several misdemeanor convictions. The burglary occurred within a few weeks of him being caught for stealing the mail in the instant offense. He is currently on probation to Cuyahoga County for this offense and will remain on probation until September of 2020. PSR at ¶ 40.

Sonte's action in the spring of 2017 evidence the dark time he was going through. Between the instant offense and the burglary, Sonte was going down the wrong path, and the charges he received in both cases demonstrate he received consequences for his poor actions. Since that time, however, Sonte has shown tremendous growth in all aspects of his life. After being fired from the post office, Sonte did not know what direction to take. At first he was extremely depressed for squandering the job opportunity he had. He chose, however, to take the initiative. As the weather began to warm up, he took a standard push-mower and went around his neighborhood offering to cut grass for money. He sought out friends and family, knocked on people's doors, and networked to get his name out there. He was able to secure enough customers to purchase a riding mower, which allowed expand the number of homes in which he cut grass. Over the course of months, he was able to secure enough steady clients that he could build it into a full-time endeavor. He read articles online and watched youtube videos on landscaping techniques in order to better serve his customers. By the end of the summer he had launched a landscaping business called Gifted Hands LLC, and earned enough money to buy a truck. He continued to serve his customers with their fall cleanups. When the winter came, he was able to offer his customers snowplow service. He taught himself how to maintain a client database, keep records, and write up customer contracts.

Over the last year and a half, Sonte has created his own business and is doing well. He has over 100 clients that he provides landscaping and snowplow services. He is the only employee but is hoping to expand in the future. He has made connections with two realty companies who exclusively use him for all their rental properties to do landscaping and snowplow services throughout the Shaker Heights, Garfield Heights, and Cleveland areas. He is

currently making connections with commercial businesses and city law departments in the hopes of securing contracts with these groups.

Sonte details his business achievements to this Court for reasons that are relevant to his sentencing. He wants this Court to know that he has tried to make something of himself in the last year and a half since the instant offense. He wants this Court to know that he took a negative and turned it into a positive for his life, which demonstrates his rehabilitative efforts. He also wants this Court to be aware of the efforts he took to create his own business. He studied and worked hard to make this new business opportunity work, and he will devote the same effort and drive to any term of house arrest and supervised release that this Court imposes. In consideration of this, Sonte asks this Court to impose a term of house arrest at the low-end of his sentencing guideline range.

**IV.     Family circumstances and letters of support**

Sonte has been in a relationship with Chaance Cleveland for the last six years. They plan on getting married in the near future. They live together and have a one-year-old son together. Sonte is a devoted and caring father whose income provides for his son's needs. Chaance has written a letter of support for this Court's consideration, which is attached as Exhibit A1. Chaance details how Sonte has grown over the last two years, and his devotion to his family and his business has made him a better person. A picture of Sonte, Chaance, and their son is included below.



In addition to the letter from Chaance, included in this memorandum are nine additional letters of support, written by friends, family, and his customers, attached as Exhibits A2 through A10. All these letters detail that Sonte is good father and a hard worker. Dominic Mann was Sonte's high school basketball coach who now owns DASH properties. Exhibit A2. Mr. Mann was one of Sonte's first landscaping customers and initially thought he was just doing Sonte a favor by letting him cut the grass for some of his properties. Sonte's hard work and respectful attitude, however, led to Mr. Mann continuing to use Sonte's services for the last eighteen months. He now exclusively uses Sonte for all his rental properties in the city. Exhibit A3 is a letter from Sonte's longtime friend Gary Robinson, who details Sonte's devotion to his job and family. Brian Swift has known Sonte for several years as well, as details the growth he has seen

6

in Sonte. Exhibit A4. Sonte's sister, Marshallette Clark, also writes a letter about her brother's accomplishments as a father and a worker. Exhibit A5.

Several years ago, Sonte worked as a personal trainer, and one of his clients, Aaron Ivory, has written a letter of support. Exhibit A6. Sonte helped Aaron recover from an ACL injury and helped him get back into playing college football. Sonte's work helped Aaron get drafted into the Canadian Football League. Exhibit A6. Shirley Drayton is a 75-year-old woman who is one of Sonte's business customers. Her letter, Exhibit A7, explains that Sonte is a hard worker and a good person who has assisted her by doing small home repairs for her at no cost. Another one of his personal training clients, Trenton Edwards, writes a letter of support detailing how Sonte helped him lose weight and get into shape. Exhibit A8. A similar letter is written by another personal training client, Jeremy Barkley. Exhibit A9. The final letter is written by Rayshawn Clements who has known Sonte since they were kids. Exhibit A10. Rayshawn is a middle school basketball coach and Sonte volunteers to help Rayshawn in coaching, but Sonte also assists the kids in getting in shape. Rayshawn explains that Sonte is a good role model for the kids as well as being a good father to his own son. Exhibit A10. Sonte asks this Court to consider these letters in fashioning his sentence and these letters support a sentence of house arrest at the low-end of his sentencing guideline range.

**V.    Conclusion**

Considering all the mitigation set forth in this memorandum, together with Sonte Gibbons's allocution at his sentencing hearing, a custodial sentence is not warranted, but a sentence of house arrest at the low-end of his guideline range is sufficient but not greater than necessary to achieve the statutory sentencing factors set forth in 18 U.S.C. § 3553.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender
1660 W. 2nd Street
Skylight Office Tower, Suite 750
Cleveland, Ohio 44113
Telephone: (216) 522-4856; Fax: (216) 522-4321
E-Mail: jeffrey_lazarus@fd.org

Attorney for Sonte Gibbons

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2018, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS
Assistant Federal Public Defender